IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE McLAUGHLIN, on behalf of herself and all other similarly situated employees of Defendants, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 15-2547-STA-dkv |
| G2 ENGINEERING & MANAGEMENT, INC., and MICHAEL TWINE, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**

Before the Court is Defendants G2 Engineering & Management, Inc. and Michael Twine's Motion to Transfer Venue (ECF Nos. 14, 15) filed on October 15, 2015. Defendants request that the Court transfer this action to the United States District Court for the Eastern District of Tennessee. Local Rule 7.2(a)(2) allows a non-moving party to respond to a motion within 14 days of the service of the motion. Pursuant to the Local Rules, Plaintiff Jacqueline McLaughlin's response to Defendants' Motion to Transfer was due by October 29, 2015. To date Plaintiff has failed to respond. For the reasons set forth below, the Motion to Transfer is **GRANTED**.

**BACKGROUND**

Plaintiff brings this collective action against Defendants for violations of the Fair Labor Standards Act ("FLSA") and alleges her own claims for fraud in the inducement, fraud, breach of contract, breach of the duty of good faith and fair dealing, and quantum meruit under Tennessee law. According to the Complaint, Plaintiff is a resident of Knox County, Tennessee,

1

and Defendant Michael Twine is a resident of Blount County, Tennessee. Defendant G2 Engineering & Management Inc. is a Tennessee corporation with its corporate headquarters in Knox County, Tennessee. Plaintiff alleges that venue is proper in this District because all Defendants are residents of the state of Tennessee and a substantial part of the events giving rise to Plaintiff's claims took place in this District.

Plaintiff alleges that she and others similarly situated to her were denied overtime compensation in violation of the FLSA. The putative class like Plaintiff performed project management services, including project planning, implementation, and coordination with regulatory agencies, for Defendants' clients in multiple states. Plaintiff alleges that this class of individuals meets the FLSA's definition of "employees" and that Defendants' enterprise satisfies all of the jurisdictional requirements to qualify as "employers" under the Act. The Complaint alleges that the acts complained of occurred in Shelby County, Tennessee, while Plaintiff was employed by Defendants as an engineer working on a project in Memphis, Tennessee.

In their Motion to Transfer Venue, Defendants argue that the Court should transfer this matter to the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1404(a). Defendants assert that based on the allegations of the Complaint, no party to this action resides in this District. According to a declaration from Defendant Twine, Plaintiff was interviewed and hired by Defendants at their headquarters in Knoxville, Tennessee. During her six months of employment with Defendants, Plaintiff worked for two weeks on a project in Memphis, Tennessee. Defendants contend that all of their payroll records are maintained in the Eastern District of Tennessee, that their policies and procedures were developed and directed from the Eastern District of Tennessee, and that all of their communications with Plaintiff about the terms of her compensation took place in the Eastern District of Tennessee. Defendants argue

that Plaintiff could have brought her Complaint in the Eastern District of Tennessee because a substantial amount of the events in this case occurred there and Defendants reside there.

By contrast, Plaintiff is not a resident in this District, and this District has little or no connection to the events giving rise to Plaintiffs' claims. Additionally, the Eastern District of Tennessee is more convenient forum for the parties. All of the parties and the witnesses with discoverable information about this action reside in the Eastern District of Tennessee. If venue remains in this District, all of the witnesses who appear at trial would be required to travel from the Eastern District to the Western District. Likewise, all of the sources of proof in this matter are found in the Eastern District of Tennessee. Finally, the Eastern District of Tennessee has a greater interest in this matter because all of the parties reside there and all of the acts alleged in the Complaint occurred there. For the sake of judicial economy and the convenience of the parties, their dispute should be litigated in the Eastern District of Tennessee.

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought."[1] "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer."[2] Describing § 1404(a) as a "housekeeping" statute, the Supreme Court has found from the legislative history of the statute "that Congress had enacted the statute because broad venue provisions in federal Acts often resulted in inconvenient forums and that Congress had decided

---

[1] 28 U.S.C. § 1404(a).

[2] *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013).

to respond to this problem by permitting transfer to a convenient federal court under § 1404(a)."[3]

A district court is granted broad discretion when deciding a motion to transfer. Among the relevant factors, the Court should consider (1) the convenience of the parties and witnesses, (2) the accessibility of evidence, (3) the availability of process to make reluctant witnesses testify, (4) the costs of obtaining willing witnesses, (5) the practical problems of trying the case most expeditiously and inexpensively, and (6) the interests of justice.[4] The last factor concerns the public interest in transfer, particularly systemic integrity and fairness of transfer.[5] Otherwise, a plaintiff's choice of forum is entitled to deference,[6] and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."[7] Ultimately, the decision to transfer under § 1404(a) will "turn on considerations of convenience and the interest of justice. . . ."[8]

## ANALYSIS

The issue presented if whether transfer of this matter to the Eastern District of Tennessee will serve the convenience of the parties and the interests of justice. The Court holds that it will.

---

[3] *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 635-637 (1964)).

[4] *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 30 (1988) (other citations omitted)).

[5] *Moore v. Rohm & Haas Co.,* 446 F.3d 643, 647, n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).

[6] *Zions First Nat'l Bank v. Moto Diesel Mexicana, S.A. de C.V.*, 629 F.3d 520, 524–25 (6th Cir. 2010) (discussing deference owed to a plaintiff's choice of forum in the context of a motion to dismiss for *forum non conveniens*).

[7] *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

[8] *In re Dow Corning Corp.*, 778 F.3d 545, 550-51 (6th Cir. 2015), *reh'g denied* (Mar. 18, 2015) (quoting *Ferens*, 494 U.S. at 523).

As a threshold matter, the Court must decide whether Plaintiff could have brought suit against Defendants in the Eastern District of Tennessee. The Court may transfer under 28 U.S.C. § 1404(a) "to any district where venue is also proper."[9] Title 28 U.S.C. § 1391, the federal venue statute, states that "[a] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."[10] It is undisputed that all parties, including both Defendants, are residents of the Eastern District of Tennessee. And Plaintiff's claims against Defendants all relate to her former employment relationship with Defendants. That relationship was centered in Knoxville, Tennessee, which is in the Eastern District of Tennessee. Therefore, venue would be proper in the Eastern District of Tennessee.

Although Plaintiff could have initiated her suit in the Eastern District of Tennessee, the Court must note that venue is also proper in this District. Plaintiff's Complaint alleges that she performed the work for which Defendants denied her overtime pay in the Western District of Tennessee. The federal venue statute provides that venue lies in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."[11] Defendants have shown that Plaintiff worked on a project for Defendants in the Western District of Tennessee for only two weeks. There is some question then about whether "a substantial part of the events" giving rise to her FLSA claims occurred here. Plaintiff's choice of this forum is entitled to deference, but her choice is not dispositive. In the context of the FLSA, "if . . . a plaintiff could insist on keeping an FLSA case wherever [s]he filed it in the first place, it would seem that an

---

[9] *Atl. Marine Const. Co.*, 134 S. Ct. at 579 (2013).

[10] 28 U.S.C. § 1391(b)(1).

[11] § 1391(b)(2).

5

FLSA case brought in a federal district court could never be transferred to a different one over the plaintiff's objection, a result that would plainly clash with the provision for change of venue, 28 U.S.C. § 1404(a)."[12] With these principles in mind, the Court now considers the convenience of the parties and the interests of justice under § 1404(a).

The Court finds that the private interests of the parties weigh strongly in favor of transfer. Defendant G2 Engineering is a corporation organized under the laws of the state of Tennessee with its headquarters in Knoxville, Tennessee. Both Plaintiff and Defendant Twine reside in counties located in the Eastern District of Tennessee. Plaintiff's claims against Defendants relate to her employment with Defendant G2 Engineering. Defendants have shown through Twine's declaration that Plaintiff was hired at Defendants' headquarters in Knoxville, Tennessee, and that Defendants made the alleged representations to her about her compensation in Knoxville. As such, the acts giving rise to her fraud and contract claims occurred in the Eastern District of Tennessee. It follows that the witnesses with knowledge of Plaintiff's employment relationship with Defendants are also in the Eastern District of Tennessee. The Court finds that the Eastern District of Tennessee will clearly be a more convenient forum to the parties and the witnesses.

The Court also finds that accessibility to evidence in this case also favors transfer. The Complaint alleges claims based on Plaintiff's employment relationship with Defendants, both for violations of the FLSA and other tortious acts committed by Defendants. To the extent that Plaintiff has brought her FLSA suit as a collective action, the claims of the putative class are based on the class members' employment with Defendants. While there is no evidence before the Court about the residence of the putative class members or where they performed work for

---

[12] *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003); *accord Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–256 (1981) (applying the principle in the context of forum non conveniens).

Defendants, the relevant proof for the FLSA claims will be payroll records and other personnel information maintained by Defendants. Defendants have shown through Twine's declaration that these records are created and maintained at G2 Engineering's corporate headquarters in the Eastern District of Tennessee.

As for Plaintiff's common law claims, the Complaint alleges that relevant events occurred in this District while Plaintiff was employed by Defendants here. Defendants have adduced evidence, however, showing that Plaintiff performed work for Defendants in Memphis for only two weeks. It is not clear to the Court that the parties will need access to any evidence in this District. Plaintiff has not made any allegations about how the temporary location of her work in this District has any bearing on her claims sounding in fraud and contract. Plaintiff simply challenges Defendants' decision to pay what Plaintiff alleges was an improper hourly rate. Perhaps more importantly, the evidence pertaining to Plaintiff's claims sounding in fraud and contract will likely be found at Defendants' principal place of business in the Eastern District of Tennessee. The accessibility of the proof clearly weighs in favor of transfer to the Eastern District of Tennessee.

By the same token, Defendants have shown that trying the case in this District would pose practical challenges to trying the case quickly and inexpensively. Based on the pleadings, it appears to the Court that many of the material witnesses will be employees of Defendants, most likely working at G2 Engineering's home offices in Knoxville, Tennessee. The Complaint alleges that the members of the putative class performed temporary duty assignments in various locations both within and outside of the state of Tennessee. In that regard, venue might lie in multiple Districts. To establish the willfulness of Defendants' alleged violations of the FLSA, the parties will likely need to exchange discovery and depose fact witnesses all of whom

presumably reside in the Eastern District of Tennessee. It appears to the Court then that the witnesses with relevant knowledge of Defendants' employment and payroll practices will be in the Eastern District of Tennessee. On the whole, the Court finds that the private interest factors, and primarily convenience, weigh strongly in favor of transfer.[13]

Likewise, the interests of justice and judicial economy weigh heavily in favor of transfer to the Eastern District of Tennessee. Defendants argue that the Eastern District of Tennessee has a greater interest in the case and controversy alleged by Plaintiff: the fair pay of workers under the FLSA. As the pleadings suggest, Defendants' employees perform work on assignment in many different locations, including assignments outside of the Eastern District of Tennessee. In this instance, however, all of the parties to the suit reside in the Eastern District of Tennessee and their relationship is centered in that District, not in a location where Plaintiff may have performed temporary duty as part of her employment with Defendants. The Eastern District also appears to have a stronger interest in the adjudication of Plaintiff's claims for fraud and breach of contract. The acts forming the basis of the claims apparently occurred in the Eastern District of Tennessee and were allegedly taken by parties who reside in the Eastern District of Tennessee against a party who resides in the Eastern District of Tennessee. The Court concludes then that the Eastern District of Tennessee simply has a stronger interest in the adjudication of Plaintiff's claims. And the Eastern District of Tennessee will apply the same law under the FLSA or

---

[13] The Court finds that the remaining private interest factors do not weigh either for or against transfer. Defendants have not specifically shown that convenience of the witnesses favors transfer. "Convenience of non-party witnesses, as opposed to employee witnesses, is one of the most important factors in the transfer analysis." *Smith v. Hyphon, Inc.*, 578 F. Supp. 2d 954, 963 (M.D. Tenn. 2008) (quoting *Steelcase, Inc., v. Smart Techs., Inc.*, 336 F. Supp. 2d 714, 720–21 (W.D. Mich. 2004)). However, Defendant's Motion fails to identify any non-party witnesses and what their testimony will be, let alone how transfer to the Eastern District of Tennessee will be more convenient for them. Defendant has also not shown that the costs of obtaining willing witnesses or the availability of process to compel unwilling witnesses to testify are relevant to the Court's analysis here.

Tennessee common law as this Court would, and an appeal from the judgment of the Eastern District of Tennessee will go to the same United States Court of Appeals.[14] Under all of the circumstances, the Court concludes that transfer will strongly serve the interests of justice in this case.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion is **GRANTED**. This matter is hereby transferred to the United States District Court for the Eastern District of Tennessee for all further proceedings.

**IT IS SO ORDERED.**           s/ S. Thomas Anderson
                                 S. THOMAS ANDERSON
                                 UNITED STATES DISTRICT JUDGE

                                 Date: November 10, 2015.

---

[14] *Reese*, 574 F.3d at 320 (finding that the interests of justice would be by "applying the same [circuit precedent] to both cases rather than Sixth Circuit law to one case and Seventh Circuit law to the other").